UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN THOMAS ENTLER<br><br>        Plaintiff,<br><br>  v.<br><br>LYNN CLARK, JOANN MCCOY, C/O LOE, C/O SCHMIDT, C/O WHITENY, SGT. FLEENOR, DEANNA BAKER, RICHARD ZARAGOZA, K. DOUGLAS, JANET LAROUE, M. LINT, D. LEWIS, SGT. MEYER, LT. BARKER, LISA OLIVER-ESTES, J.D. ATTEBERRY,  D. JAMES, ROY GONZALEZ, JOHN A. TURNER, DONALD HOLBROOK and FRED IVEY,<br><br>        Defendants. | 4:15-CV-05054-SAB<br><br>**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*; DISMISSING ACTION** |

By Order filed July 31, 2015, the Court instructed Mr. Entler, a *pro se* prisoner at the Washington State Penitentiary ("WSP"), to show cause why he should not be denied *in forma pauperis* status. In the alternative, Plaintiff was directed to pay the full $400.00 fee ($350.00 filing fee, plus $50.00 administrative fee) if he wished to commence this action. He did not pay the filing fee.

On August 10, 2015, Mr. Entler submitted a "Motion for Reconsideration," in which he asked the Court to reconsider its Order to Show Cause. ECF No. 9.

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*; DISMISSING ACTION ~ 1**

He simultaneously filed a 74-page Response, ECF No. 10. Thus, it appears the Motion for Reconsideration is moot. The Court, however, has reviewed the substance of the Motion as it relates to the directive to show cause.

Plaintiff has conceded that he is barred from proceeding *in forma pauperis,* ECF No. 1 at 2, but argues that inadequate ventilation at the WSP should exempt him from application of 28 U.S.C. § 1915(g). He contends that he alleged a plausible allegation of imminent danger of serious physical injury at the time he filed his complaint when he asserted that for more than year he had placed a towel against the vent and he had been told the "inadequate ventilation" problem could not be fixed. ECF No. 9 at 3. The Court notes that Plaintiff did not allege that he was suffering from breathing difficulties and other respiratory problems at the time he submitted his complaint on June 18, 2015.

Plaintiff accuses this Court of "minimizing" his allegations of imminent danger and asserts that the Ninth Circuit is deciding if this is permissible in *Entler v. McGerr,* 2:13-cv-05098-LRS. The Court takes judicial notice of the fact that on September 4, 2015, the Ninth Circuit affirmed the District Court's decision to deny Mr. Entler leave to proceed *in forma pauperis* in case number 2:13-cv-05098-LRS and issued its Mandate on September 29, 2015. ECF Nos. 26 and 27. *See Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n. 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted). To the extent Plaintiff asks this Court to stay this action pending the Ninth Circuit's decision in *Entler v. McGerr,* his request is **DENIED.**

In his Response, which includes more than 50 pages of decisions from Plaintiff's prior cases and appeals, Plaintiff requests leave to proceed *in forma pauperis* under the "Noerr-Pennington immunity doctrine." In the Opinion issued on September 4, 2015, the Ninth Circuit noted that Mr. Entler's reliance on the *Noerr-Pennington* doctrine was misplaced. *See* 2:13-cv-05098-LRS, ECF No. 26.

**ORDER DENYING LEAVE TO PROCEED** *IN FORMA PAUPERIS***;
DISMISSING ACTION ~** 2

1 Therefore, the Court will not entertain Plaintiff's argument further.

2       Plaintiff concedes that he has "three strikes."[1] ECF No. 10 at 2. The
3 privilege of proceeding without prepayment of the filing fee is not absolute.
4 Plaintiff's argument that § 1915(g) infringes on his constitutional right to access
5 the courts has long been foreclosed in this Circuit by *Rodriguez v. Cook,* 169 F.3d
6 1176, 1179-80 (9th Cir. 1999), regardless of Plaintiff's assertions to the contrary.

7       As an inmate at the WSP, Plaintiff's allegation of "inadequate ventilation,"
8 would be shared by all other WSP inmates. A claim of "inadequate ventilation,"
9 standing alone, without any resulting medical injury, is not sufficient to show
10 "imminent danger of serious physical injury." Because Plaintiff is not under
11 imminent danger of serious physical injury, he is required to pay the filing fee in
12 full, and he has not done so.

13       Accordingly, **IT IS HEREBY ORDERED**:

14       1. Plaintiff's application to proceed *in forma pauperis* is **DENIED**.

15       2. Plaintiff's Motion for Reconsideration, ECF No. 9, is **DENIED**.

16       3. The above-captioned action is **DISMISSED** under 28 U.S.C. § 1914 for
17 failure to pay the filing fee.

18 //
19 //
20 //
21 //
22 //
23 //

---

[1] It appears Plaintiff has at least two "strikes" in the Western District of Washington, at least three "strikes" in the Eastern District of Washington, and three apparent "strikes" before the Ninth Circuit Court of Appeals. *See Entler v. McGerr*, 2:13-cv-0598-LRS, ECF No. 14 at 1-2.

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*;
DISMISSING ACTION ~ 3**

| | |
|---|---|
| 1 | **IT IS SO ORDERED.** The District Court Executive is directed to enter |
| 2 | this Order, provide copies to Plaintiff, and close the file. |
| 3 | **DATED** this 30th day of October, 2015. |

Stanley A. Bastian<br>
United States District Judge

**ORDER DENYING LEAVE TO PROCEED** *IN FORMA PAUPERIS*; **DISMISSING ACTION** ~ 4